LEE LASH CO. v. NORTHWESTERN CONSOL. MILLING CO.

(District Court, E. D. Pennsylvania.   October 26, 1914.)

No. 3034.

PLEADING (§ 367*)—STATEMENT—DEFINITENESS.

Where the statement set forth the contract in suit, which provided that for named services plaintiff should receive a stipulated sum, that if any services were unsatisfactory additional or extra service should be rendered before the stipulated sum should be due, and that plaintiff should furnish at its own expense certain lantern slides, which should be exchanged for new ones at defendant's request, the cost to be allowed against claims for extra service, and alleged performance by plaintiff, the furnishing of new slides at a named cost, and the rendition of certain extra services which were not specified, defendant cannot require plaintiff to make a more specific statement of the extra service rendered, for, an allegation of the performance of extra services being unnecessary until nonperformance in an amount greater than the cost of the new slides is set up in defense, the allegation may be wholly disregarded as surplusage.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 64, 1173–1193; Dec. Dig. § 367.*]

At Law.   Action by the Lee Lash Company against the Northwestern Consolidated Milling Company.   Sur rule for more specific statement.   Rule discharged, and leave to amend granted.

Henry Budd, of Philadelphia, Pa., for plaintiff.

Sullivan & Cromwell, of New York City, and Roberts, Montgomery & McKeehan, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.   We are asked by the rule in this case to confine ourselves to the two points in respect of which the statement is criticized.   Just what these points are and their bearing upon the sufficiency of the statement can be most clearly shown by an outline of the salient facts.

The claim is based upon a contract in writing, a copy of which is incorporated in the statement.   The contract contemplated that the plaintiff was to receive a calculable sum of money for certain services to be rendered.   If any part of this service was unsatisfactory, the plaintiff was still to receive the stipulated sum, but before being entitled to it was to render other like service in lieu of that which was unsatisfactory.   This is termed by counsel "extra service."   The plaintiff was to supply at its own expense certain lantern slides.   These, however, should be exchanged for new slides at the defendant's desire; but, if so exchanged, the cost of the slides was to be allowed for as against any of this so-called "extra service."   There was some unsatis-

factory service rendered, which the plaintiff supplied by extra service. There were new slides provided at a cost of $2,681. The plaintiff admits payments on account, and claims a balance of $5,055.

The defendant asks that the plaintiff be required to set forth what the "extra service" rendered was, on the ground that unless this is set forth the plaintiff is in effect claiming to be paid for the cost of the new slides in money. This does not necessarily follow. The case of the plaintiff proceeds upon the averments that it had a contract calling for the payment to it of a given sum of money upon the rendering by it of certain specified services, and that it performed its part of the contract. By virtue of this the stipulated sum became payable to it, less the moneys received on account. Its right of action for the balance is thus made out. If part of the required service was not rendered, this goes to a denial of one of the averments on which plaintiff's claim is founded, and is prima facie a good defense. The only part which the $2,681 fact plays in the plaintiff's case is that a shortage on its part in performance does not defeat its claim, unless that shortage exceeds $2,681. It was not necessary for the plaintiff to aver any extra services rendered. The averment might have been reserved until nonperformance was set up in defense. It was done probably to make the narrative statement complete. At the most, therefore, it was surplusage, and this does not vitiate the statement.

We cannot, therefore, make this rule absolute, because the basis for it is a fact which cannot get into the case until the trial, or at least until the defense, is presented of record. When it gets in, however, it may show the statement to be defective. The touchstone test is to forecast what may happen at the trial. The plaintiff's statement sets forth what it did to entitle it to the payment promised by the defendant. This is made up of the service required by the contract, extra service (not set forth), and $2,681 expended for slides. Its probata will, therefore, be confined to these allegata. If it develops that what it performed and the $2,681 for slides entitles it to the contract moneys, it has made out its case, without going into its proofs beyond what it has set forth in its statement. If, however, the shortage in performance amounts to more than $2,681, then it must prove other services not in its statement before it can recover. These proofs could not be introduced without being based upon the averments of its statement, and, as the averments would be lacking, the plaintiff would be driven to make the very amendment to its pleadings for which this rule calls. The plaintiff knows what the necessities of its proof will be. If it will not be required to prove facts not alleged, it need not, of course, allege them. If it must prove facts not now set forth, it must first set them forth.

Leave is granted plaintiff to amend its statement, but we cannot require it to do so, and the rule is therefore discharged.